**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| PATRICK CANNON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:18-cv-00470-KJD-CWH<br><br>**REPORT AND RECOMMENDATION** |

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.  The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Patrick Cannon's ("Plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act.  The court has reviewed Plaintiff's motion to remand (ECF No. 17), filed October 9, 2018, and the Commissioner's response and cross-motion to affirm (ECF No. 24), filed January 29, 2019.  Plaintiff did not file a reply.

## A. BACKGROUND

### 1. Procedural History

On April 17, 2015, Plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act, alleging an onset date of September 1, 2012, but later amended to June 20, 2013.  AR[1] 23, 25, 87, 226-33.  Plaintiff's claim was denied initially, and on reconsideration.  AR 131-35, 142-47.  On September 28, 2016, the

---

[1] AR refers to the Administrative Record in this matter.  (Notice of Manual Filing (ECF No. 11).)

Administrative Law Judge ("ALJ") conducted a hearing. AR 78-103. The ALJ issued a decision finding Plaintiff was not disabled, on January 13, 2017. AR 23-31. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review. AR 1-6. Plaintiff, on March 14, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 4.

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 24-25. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of June 20, 2013. AR 25. At step two, the ALJ found that Plaintiff had the following medically determinable "severe" impairments: schizoaffective disorder, and a history of polysubstance abuse in current remission. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. *Id*. At step four, the ALJ found that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can perform simple, repetitive tasks with limited public contact. AR 27.

The ALJ found that Plaintiff is capable of performing past relevant work as a construction laborer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity. AR 29. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from the amended alleged onset date of June 20, 2013, through the date of the decision. AR 31.

## B. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for

the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not

sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2. Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see*

*also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

### 3. Analysis

On September 9, 2016, a year before the ALJ's hearing, Plaintiff requested that a psychological evaluation of his condition be ordered. AR 536. Plaintiff moves to remand this matter because the record does not contain a forensic evaluation of Plaintiff's ability to perform the mental requirements of work, and the ALJ erred by failing to obtain an evaluation. The Commissioner responds that the evidence considered by the ALJ was neither ambiguous nor inadequate for proper analysis of the case, and so the ALJ had no duty to request a consultative examiner.

When the medical evidence is insufficient to allow a determination based upon evidentiary considerations, a consultative examination may be ordered. 20 C.F.R. §§ 404.1519a(b), 416.919a(b). The ALJ may proceed to evaluate a claim without a consultative examination when the record is sufficient for all purposes. *Reed v. Massanari*, 270 F.3d 838, 843 (9th Cir. 2001); *and* s*ee*, *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's

duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

Plaintiff argues that because the ALJ rejected the opinions of Dr. Gregg and Dr. Berkowitz in finding the presence of moderate difficulties in maintaining social functioning, the ALJ must have relied upon the treatment records that showed greater dysfunction than that assessed by the State agency psychiatrists, and therefore a consultative exam was necessary.

The ALJ explained the relevant mental health evidence that was the basis for his findings, indicating that although Plaintiff was involuntarily hospitalized in December 2012, (prior to his amended onset date of June 20, 2013), Plaintiff subsequently had significant improvements to his symptoms over the course of his treatment. AR 28-29. *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"). For example, the ALJ explained that in 2014, Plaintiff reported that he was doing well and able to tolerate his mild auditory hallucinations. AR 28. In early 2015, Plaintiff stated the voices did not bother him and the medication helped him. He presented similar findings in December 2013, April 14, 2014, December 19, 2014, and April 24, 2015, and December 4, 2015. *Id.* The ALJ further noted that when Plaintiff moved to Nevada, the psychotropic medications were effective, and Plaintiff was not responding to internal stimuli, and in May 2016, Plaintiff has been sleeping well and had been stable, although he again alleged auditory hallucinations and some anxiety. The ALJ noted that Drs. Gregg and Berkowitz opined that Plaintiff's psychological impairments were non-severe, with mild restriction of activities of daily living, mild difficulties maintaining social functioning, mild difficulties maintaining concentration, persistence, or pace, and no episodes of decompensation. AR 29. While the ALJ did find Plaintiff had a severe impairment of schizoaffective disorder, the ALJ assessed an RFC which is consistent with the whole record, and included non-exertional limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) (when weighing a medical opinion, ALJ need not necessary agree with everything contained in that opinion and can consider

some portions less significant than others when evaluated against the other evidence of record). Here, Plaintiff does not explain what evidence the ALJ failed to consider, or why the evidence is inadequate for proper resolution of the case. Nor does Plaintiff explain why he did not himself obtain a consultative examination. It is Plaintiff's burden to prove disability by providing the requisite medical evidence. 42 U.S.C. § 423 (d)(5)(A) (claimant must furnish medical and other evidence of his disability). Accordingly, the court finds that the ALJ did not erroneously fail to further develop the record and request a consultative examiner.

## C.  CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 17) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 24) be **granted.**

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 28, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE